UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HOANG XUAN LE,<br>　aka "Wayne" and<br>　　"Wangsta," and<br>SHEILA MARIE RITZE,<br><br>　　　　Defendants. | SA CR No. 20CR00002-DOC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1111, 7(1): First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States; 18 U.S.C. §§ 924(c)(1)(A)(i), (iii), 7(1): Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence; 18 U.S.C. § 3: Accessory After the Fact; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1111, 7(1)]

[DEFENDANT LE]

On or about October 15, 2019, in the Pacific Ocean off the coast of Orange County, California, a place within the special maritime and territorial jurisdiction of the United States, defendant HOANG XUAN LE, also known as "Wayne" and "Wangsta," who was arrested in Orange

County, within the Central District of California, willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killed T.D., a human being, by shooting him and throwing him into the Pacific Ocean.

COUNT TWO

[18 U.S.C. §§ 924(c)(1)(A)(i), (iii), 7(1)]

[DEFENDANT LE]

On or about October 15, 2019, in Orange County, within the Central District of California, and in the Pacific Ocean off the coast of Orange County, a place within the special maritime and territorial jurisdiction of the United States, defendant HOANG XUAN LE, also known as "Wayne" and "Wangsta," knowingly used and carried a firearm during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States, in violation of Title 18, United States Code, Sections 1111, 7(1), as charged in Count One of this Indictment, and in so doing, discharged that firearm.

COUNT THREE

[18 U.S.C. § 3]

[DEFENDANT RITZE]

Beginning on or about October 15, 2019, and continuing to on or about December 13, 2019, in Orange County, within the Central District of California, defendant SHEILA MARIE RITZE, knowing that an offense against the United States had been committed, namely, First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States, in violation of Title 18, United States Code, Sections 1111, 7(1), as charged in Count One of this Indictment, received, relieved, comforted, and assisted the offender, defendant HOANG XUAN LE, also known as "Wayne" and "Wangsta," in order to hinder and prevent his apprehension, trial, and punishment.

NOTICE OF SPECIAL FINDINGS

[DEFENDANT LE]

The allegations contained in Count One of this Indictment are re-alleged and incorporated here.

As to Count One, defendant HOANG XUAN LE, also known as "Wayne" and "Wangsta":

1.  Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.  Intentionally killed T.D. (18 U.S.C. § 3591(a)(2)(A));

3.  Intentionally inflicted serious bodily injury that resulted in the death of T.D. (18 U.S.C. § 3591(a)(2)(B));

4.  Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5.  Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6.  Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to T.D. (18 U.S.C. § 3592(c)(6)); and

//

//

7. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

VIBHAV MITTAL
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Santa Ana Branch Office

9