**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -

UNITED STATES OF AMERICA, )
) **CERTIFIED**
Plaintiff, )
)
vs. ) No. 8:20-CR-00002-DOC
) Day 16, Jury Note 4
HOANG XUAN LE, also known as )
Wayne, *also known as Wangsta*, )
)
Defendant. )
________________________________)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Jury Trial

Santa Ana, California

Thursday, December 9, 2021

Debbie Gale, CSR 9472, RPR, CCRR
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-8141

**APPEARANCES OF COUNSEL:**

FOR THE UNITED STATES OF AMERICA:

DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES ATTORNEY
BY: Gregory Shepherd Scally
Assistant United States Attorney
411 West 4th Street
8th Floor
Santa Ana, California 92701
714-338-3592
gregory.scally@usdoj.gov

DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES ATTORNEY
BY: Gregory Staples
Assistant United States Attorney
411 West 4th Street
8th Floor
Santa Ana, California 92701
714-338-3535
greg.staples@usdoj.gov

FOR DEFENDANT HOANG XUAN LE:

Craig Wilke (CJA appointed)
LAW OFFICE OF CRAIG WILKE
305 North Harbor Boulevard, Suite 216
Fullerton, California 92832
714-870-8900
craig@craigwilkelaw.com

Sheila Sarah Mojtehedi (CJA appointed)
LAW OFFICE OF SHEILA MOJTEHEDI
806 East Avenida Pico, Suite I-291
San Clemente, CA 92673
323-412-0472
sheila@mojtehedi.com

ALSO PRESENT:

Austin Casey, Special Agent, Coast Guard
Terri Steel, Deputy in Charge
Debbie Lewman, Assistant Deputy in Charge

**I N D E X**


| PROCEEDINGS | PAGE |
|---|---|
| JURY TRIAL - Day 16 | |
| Jury Note Number 4 | 4 |
| Inquiry of Juror Number 2 | 7 |
| Discussion re Juror Number 2 | 9 |
| Further discussion with Juror Number 2 | 20 |
| Alternate juror selected as juror | 24 |
| Alternate Juror sworn as juror | 25 |
| Jury Instruction (read) | 25 |

**SANTA ANA, CALIFORNIA, THURSDAY, DECEMBER 9, 2021**

**Day 16, Jury Note 4**

(1:17 p.m.)

08:47 *(Outside the presence of the jury.)*

01:17 THE COURT: All right. Then we're on the record.

01:17 **JURY NOTE NUMBER 4**

01:17 THE COURT: And we received the following note. It doesn't have a number on it, Counsel, so sequentially --

01:17 THE CLERK: Your Honor, it's Jury Note 4.

01:17 THE COURT: Number 4.

01:17 'Cause we have two 3's, Kelly, is why -- we actually have two "3'" so this is just 4. Let me write that in with your permission, Counsel.

01:17 MR. STAPLES: Ours has "4" on it, Your Honor.

01:17 THE COURT: All right. Mine doesn't.

01:17 Thank you. Somebody's written in "4."

01:17 "Juror Number 2 is extremely stressed and has informed us she will not be capable of any further deliberation. She's indicated that she has had thoughts of hurting herself in order to be removed from this process. She presents clearly as distressed and in crisis. The rest of the jurors would like to continue with the deliberation

process, but are unable to due to her inability to go on with the processes.

01:18 "There's a concern that her vote does not represent the result of a complete and comprehensive deliberation, but rather a way to remove herself from a process that is causing her extreme stress and potentially causing harm to her mental health."

01:18 Both of you had sent back into chambers a few moments ago what was represented to be a consensus concerning questions that the Court would ask, and I want to make certain that this is your consensus:

01:18 "We've received a note informing us that you will not be capable of any further deliberations; is that true?"

01:19 And I expect that you would want a "yes" or "no" answer, without elaboration.

01:19 "We received a note informing us that you've had thoughts of hurting yourself to be removed from this process; is that true?"

01:19 Obviously, for our record, this should be conducted humanely outside the presence of the other jurors.

01:19 Second, we should receive these answers before we

go further in terms of any, I think, input from Counsel, or your respective positions. But I'm wide-open to any suggestion.

01:19 And I've called up the Court Administrator because we're in a position to answer, uh -- offer counseling to this juror or any jurors. And there's a process that we would follow, regardless of where we go after deliberations or no deliberation.

01:19 So is there anything further, or comment? Otherwise, we're going to summon Juror Number 2.

01:19 And, by the way, outside your presence, she'd asked to be removed from other jurors. When the Court heard that, I immediately had her removed to a separate room for her own well-being, and the marshal has, let's say, a thoughtful watch on her. And I want to thank the Court Security officers for that -- for their humaneness.

01:20 MR. STAPLES: Your Honor --

01:20 THE COURT: Is there a suggestion before I summon Juror Number 2?

01:20 MR. STAPLES: If it expedites things, from discussing with Mr. Wilke, I believe our agreement is, if she answers "yes" to both these questions, we would agree to excuse her.

01:20 THE COURT: Well, without tieing your hands let's find out what those answers are. But right now, if that's

01:20 your tentative thought, that's not a ruling yet, and I want you to have all the latitude. But, if it's "yes" to both these questions, then let's put her out in the hallway.

01:20 But I asked Terri to be present, or Deb, and they've been tracking the trial so we have the immediate ability to get her counseling.

01:20 Okay. So, Counsel, may I summon Juror Number 2, please?

01:21 MR. STAPLES: Yes, Your Honor.

01:21 THE COURT: Thank you.

01:21 Can we give her a copy of this as well to read? I think it's easier if she reads it and she can look at it rather than just --

01:21 MR. STAPLES: She can use mine, Your Honor.

01:21 THE COURT: Kelly, we'll take the government's and give them an additional copy.

01:21 Thanks, Kelly.

01:21 THE CLERK: We gave them two copies.

01:21 THE COURT: Thanks, Kelly.

01:22 *(Juror Number 2 escorted into courtroom.)*

01:22 THE COURT: Thank you.

01:22 We're in session. The jury's not present. Juror Number 2 has joined us.

01:23 **INQUIRY OF JUROR NUMBER 2**

01:23 THE COURT: The government and the defense are

present, along with the defendant and investigating agency.

We've handed you another piece of paper. And I'm going to repeat the question and just ask you for a "yes" or "no." And please take your time.

"We received a note informing us that you will not be capable of any further deliberation; is that true?"

Yes or no?

JUROR NUMBER 2: Yes.

THE COURT: All right.

"We've received a note informing us that you've had thoughts of hurting yourself to be removed from this process; is that true?"

JUROR NUMBER 2: Yes.

THE COURT: Can you answer --

JUROR NUMBER 2: Yes.

THE COURT: I'm sorry?

JUROR NUMBER 2: Yes. Yes.

THE COURT: Okay. Would you bear with us just for a moment. We're going to be right back with you, I promise. And, thank you.

Counsel, any further inquiry?

MR. STAPLES: No, Your Honor.

MR. WILKE: No, Your Honor.

01:24 THE COURT: All right.

01:24 *(Jury Number 2 escorted from courtroom.)*

01:24 THE COURT: All right. If you'd be seated.

01:24 **DISCUSSION RE JUROR NUMBER 2**

01:24 THE COURT: Counsel, do you want to have a discussion amongst you, or if you had a tentative thought already and a discussion, if you would like to share that with the Court.

01:24 MR. WILKE: Go ahead.

01:24 MR. STAPLES: Clearly, I think she should be excused, Your Honor.

01:24 THE COURT: Mr. Wilke, what is your thought?

01:24 MR. WILKE: I believe there's independent grounds to excuse her despite her earlier answer that, I think, caused us some pause, um, and I think the Court would be within its --

01:24 THE COURT: All right.

01:24 MR. WILKE: -- within its discretion to excuse her, replace her with a randomly selected alternate.

01:24 THE COURT: Randomly selected. We'll draw this in the alternates' presence with both alternates present.

01:24 Now, can we keep her in the courthouse, though, for a period of time without any embarrassment because Terri, Deb, and I've been discussing counseling.

01:24 And, Terri, there's a process that we could

01:25 follow, but I'd prefer to keep her so she's not embarrassed. We don't do that publicly.

And instead of discharging her, let's get the jury alternate selected, send them back to the room, and then ask Juror Number 2 to come in separately. So if we could keep her separate and apart -- if that would be acceptable to all the parties? But tell me if there's a better process or procedure because I don't want any embarrassment to her.

01:25 MR. WILKE: I'd defer to the Court on -- on that, Your Honor.

01:25 MR. STAPLES: My only thought is to let her go as quickly as possible with the advisement that there's assistance here if she feels there's an immediate need for it.

01:25 THE COURT: I can bring her in immediately.

01:25 And, Terri, if you'd help me with those forms so our staff is able to follow up. And I would like your participation from a staff viewpoint because you'll be the one making contact as we go on with the process.

01:25 MR. WILKE: Your Honor, I would just be concerned about any court staff having discussions with her that might reveal anything that happened in the jury room.

01:25 THE COURT: Oh, I totally agree. This is simply the offer of counseling.

01:26 And, Terri, why don't you inform Counsel of the

process and procedure that has been discussed.

01:26 DEPUTY IN CHARGE: Yes, Your Honor.

01:26 So, Your Honor has the discretion to decide when and how to offer EAP, regardless of the subject matter of the case. The Federal Occupational Health Center can also arrange for a counselor to discuss the issues with the jury as a whole.

01:26 There is no local District court clerk's official policy regarding who should extend the offer of EAP to jurors. As long as the juror has not been excused, he or she may avail themself of EAP. So in that vein, we would need to do what's a Form J8, which is an order extending her term of service for anywhere from 60 to 90 days.

01:26 THE COURT: And that's, Counsel -- excuse me, Terri -- that's why I didn't want to precipitously excuse her now, and I wanted to get that alternate selected so we knew that they were starting their deliberations, and just keep her, in a sense, and then bring her back after that selection was made so we could have a thoughtful discussion with her that's not rushed.

01:27 MR. WILKE: I'm sorry.

01:27 Could somebody define "EAP" to me? I'm not familiar with --

01:27 DEPUTY IN CHARGE: Employee Assistance Program.

01:27 MR. WILKE: So is the discussion here about

whether the Court should provide counseling to Juror Number 2?

01:27 THE COURT: Yes.

01:27 MR. WILKE: I think that's entirely inappropriate while this jury's still deliberating.

01:27 I understand she may be distressed; but I do not believe it is proper for any counseling to be provided to her because, if she's stressed over this process, she's gonna be revealing what happened during those deliberations to the counselor. And I think that opens the door to -- I think that's a problem, Your Honor. I think it's fine to advise her, "Once this case is resolved, if you'd like counseling, the Court can assist you in getting" --

01:27 THE COURT: I have to extend her jury service, though, to do that. The process and procedure -- to enable this counseling, the Court has to retain jurisdiction of her. And if I excuse her, apparently we don't have the power -- and you can talk to Terri and the staff about this -- we don't have the power to get her these free services, frankly.

01:28 MR. WILKE: Um, well, I think it's fine to ask her whether she would like that service provided once this case is over. But I don't think it's proper to provide her with any counseling while -- before there's a verdict in this case.

01:28 THE COURT: Then can we reach a compromise, just humanely; and that is, that we call the jury out first, the 11, and the two alternates;

01:28 That we, without discharging her, select that alternate and have them continue -- actually, start again.

01:28 MR. WILKE: Start again with the new --

01:28 THE COURT: And I'd like to get the --

01:28 MR. WILKE: Yeah.

01:28 THE COURT: -- instruction from the law clerks and from you to reread that they are to begin their deliberations anew as if they had begun literally on day one. And I don't wanna ad lib that. Then since she's asked to be separated anyway, and she's not discharged, I haven't lost jurisdiction.

01:29 And then let's take this up, Mr. Wilke, how we can accomplish this and give her those services for free, but at the same time delay that, unless there's a -- unless there's a cause for her harming herself; and if there is, then I -- the Court needs to make that decision based upon all of your input.

01:29 I'd like to delay that, but --

01:29 MR. WILKE: That's fine.

01:29 THE COURT: -- I'm not willing to see her in a situation of harm.

01:29 MR. WILKE: That's fine.

01:29 THE COURT: So while I agree with you in theory, I don't know how serious this is. But let's get her input for a moment. And let's see if she's even willing to avail herself of this.

01:30 So with your permission, I'm just suggesting we bring the 11 jurors down. We just simply say that she hasn't been discharged but she will be continuing on; that an alternate be selected, let the twelve go back with the instruction from the law clerks that they begin their deliberations anew. We'll take that one extra alternate and put that alternate back in the jury room.

01:30 And then let's have a discussion about Juror Number 2. And let's make sure that we retain jurisdiction so if she chooses counseling, it's free. Okay?

01:30 All right. If that's acceptable to you, Mr. Wilke -- at least initially?

01:30 MR. WILKE: Yes, Your Honor, that is.

01:30 THE COURT: Counsel for the government?

01:30 MR. STAPLES: It is, Your Honor.

01:30 The only thing I would maybe request is to let -- at least let Juror 2 know, while she's waiting, that she's not gonna have to be required to deliberate any further. If her state of mental anguish is such that she's --

01:30 THE COURT: I'm not going to talk about her mental anguish. I'm just going to simply state that she will not

01:31 be deliberating further. They don't need an explanation nor do they need to know the reason for that. There doesn't need to be any embarrassment concerning that.

01:31 MR. STAPLES: Well, the --

01:31 THE COURT: And I think that they already know, and they've already stated, quite frankly, and they're already very aware of her mental state.

01:31 MR. WILKE: I think the suggestion -- I think it might be appropriate, Your Honor, is to first bring Juror Number 2 back, let her know she will no longer be deliberating, ask her -- and let -- advise her the Court has available counseling services, ask her if she would like to utilize those.

01:31 THE COURT: Okay. Now, just a moment.

01:31 I can reverse that process. And if you both agree, I'll do that.

01:31 MR. WILKE: It might cut to the chase on the other issue.

01:31 THE COURT: Whyn't you just meet and confer. It really doesn't matter, as long as we deal with this issue humanely and quickly.

01:31 *(All government and all defense counsel confer.)*

01:31 THE COURT: And, Terri, keep reminding me not to discharge where I lose jurisdiction and I can't --

01:32 DEPUTY IN CHARGE: Yes, Your Honor.

01:32 THE COURT: -- have payment for this.

01:32 MR. STAPLES: I think our agreement is to bring her out, advise her that she's not gonna be required to deliberate any further.

01:32 My suggestion would be to simply ask her does she feel that she's in any danger right now such that she needs immediate assistance.

01:32 THE COURT: But I think we should also be informing her that those services are available in the future.

01:32 MR. STAPLES: I agree.

01:32 Our concern is --

01:32 THE COURT: And maybe we could have her talk to Terri informally, with both of your agreement, about that process and procedure --

01:32 MR. STAPLES: That's fine.

01:32 THE COURT: -- with the admonition that she's not to discuss this matter with anybody or undergo any counseling until we have a further discussion in this matter.

01:33 MR. STAPLES: That's fine.

01:33 I think our concern is, is there an immediate threat to her?

01:33 THE COURT: That's my concern also.

01:33 MR. STAPLES: If her answer is no, then she's free

01:33 to talk to Terri, from our perspective.

01:33 And if the answer's "yes," then we have to figure out what to do. But I think that's her call. So I would suggest bringing her out and at least advising her. You don't have to formally discharge her.

01:33 THE COURT: Mr. Wilke?

01:33 MR. WILKE: I think that's fine, Your Honor. I think the government's proposal's acceptable.

01:33 THE COURT: Yeah. We're gonna write this up so that you can see it. It'll take us about 5 minutes so that we're not ad-libbing for a moment. And that way, Terri's involved.

01:33 DEPUTY IN CHARGE: Your Honor, could I just make one statement?

01:33 THE COURT: Please.

01:33 DEPUTY IN CHARGE: The counseling is confidential counseling. Just wanna put that out there. I want that to be clear -- that the counseling that she would receive would be confidential.

01:34 THE COURT: And I can't foresee any reason why the Court would lift that right to privacy and counseling between the psychologist and psychiatrist and her.

01:34 So I don't understand fully what the concern is. I mean, the first and most immediate problem is her well-being. Okay?

01:34 (To law clerks:) Okay. Go write that up.

01:34 Counsel, we'll just remain. The law clerks, I've given them some instructions, some handwritten notes. I'm going to show you those so we're not ad-libbing in just a moment. So just bear with us. We're going to remain in session but quiet now.

01:35 *(Brief pause in the proceedings.)*

01:35 Counsel -- on the record, Deb -- we're distributing 7.12 to you. And it simply states:

01:36 "An alternate juror has been substituted for the excused juror."

01:36 I think that that should be done in the presence of the jurors, and I think that they should see the randomness of that selection. And I don't think that that alternate should simply be drawn outside the presence of the 11 remaining jurors. I think they would appreciate that process, and so would the alternates, rather than just being informed.

01:36 And then as follows it's self-explanatory, and then we'll submit this in written form to the jury after we notify them on the record.

01:37 *(Law clerks return to the courtroom.)*

01:37 THE COURT: (To law clerk:) Sarah, thank you. Give a copy to each of them.

01:37 So the "B" suggestion is simply, once the case has

concluded -- I hesitate with that in case she's in extraordinary distress at the present time. And I think we should get an answer and a response from her as best we can.

01:38 MR. STAPLES: Just to be clear, these -- "A" and "B," this is only for Juror Number 2?

01:38 THE COURT: Only for Juror Number 2.

01:38 Eventually, we'll discuss if the general jury pool need that, but not at the present time. I think we need to resolve Juror Number 2 immediately.

01:38 All right. If there's nothing further, then I think we should summon Juror Number 2.

01:38 MR. STAPLES: Agreed.

01:38 THE COURT: Mr. Wilke?

01:38 MR. WILKE: That's fine.

01:38 THE COURT: All right.

01:38 (To court clerk:) Karlen, would you be so kind.

01:39 And, Counsel, I think the preamble to this should also be that, uh, "All counsel and the court agree that she will not be continuing with jury deliberation." Let's place that on equal footing with both -- or do you simply want "the Court"?

01:39 MR. WILKE: It's fine, Your Honor.

01:39 THE COURT: I think it's very humane if it's "all counsel and the Court."

01:39 MR. STAPLES: Fine with the government.

01:39 MR. WILKE: Yeah, I have no objection to that.

01:39 THE COURT: Equal footing. Okay.

01:39 *(Juror Number 2 enters the courtroom.)*

01:40 THE COURT: Counsel -- we're still in session -- if you'd be seated.

01:40 All counsel are present, the defendant, the investigating agency, and Juror Number 2.

01:40 **FURTHER DISCUSSION WITH JUROR NUMBER 2**

01:40 THE COURT: First, let me humbly thank you for your dedication and your service as a juror in this case.

01:40 All parties and the court have reached a decision that you will not be continuing on with the jury deliberating.

01:40 Given the difficult testimony in the case and the evidence in the case, I'm authorizing free confidential counseling -- let me repeat that -- confidential counseling services to be made available to you -- and possibly a later decision by the Court as to all the jurors, which we have not reached yet.

01:41 You'll be provided, if you choose -- and this is -- would be your choosing -- up to six sessions. And you'll be provided with information on how to arrange those sessions, if you so choose.

01:41 The court administrator is here so you can speak confidentially with her. But, of course, we'd like that out

of the presence of the other jurors. And we're imploring you not to share any information or any of our discussion, first, for your privacy, but also no interchange of further information with the jury, uh, certainly during their deliberations, if you've made friends or gave other people who would contact you.

01:42 Terri is our court administrator; Debbie is our assistant court administrator. (Indicating.) And they stand ready, if you so choose and this would be your choice. I think our greatest concern is if -- the immediacy, if this is needed, and what your thoughts are.

01:42 But with your permission, Counsel, I'd like to keep that conversation private between the court administrator and Juror Number 2.

01:42 MR. STAPLES: Agreed, Your Honor.

01:42 MR. WILKE: Fine, Your Honor. Yes, absolutely.

01:42 THE COURT: All right.

01:42 And that way you can converse privately with Terri. I'll retain jurisdiction to make certain that this is paid for by the government, if you so choose those sessions.

01:42 Would that be acceptable to you?

01:42 JUROR NUMBER 2: Yes. Thank you.

01:42 THE COURT: I want to very humbly thank you. And all the parties want to thank you, both the government and

01:42 the defense, profusely for your service.

So I'm going to ask Terri to take you to a separate part of the courthouse. I'll retain jurisdiction, depending upon your conversation. If you decide counseling, let me reaffirm: It's private. It's confidential. And it's free.

01:43 JUROR NUMBER 2: Thank you.

01:43 THE COURT: If you decide not to, then Terri will inform me, and I'll probably find that there's no longer jurisdiction.

01:43 But, Counsel, is there anything further that you'd like the Court to state?

01:43 MR. STAPLES: No, Your Honor.

01:43 MR. WILKE: No, Your Honor.

01:43 MR. STAPLES: Just we wish her well.

01:43 THE COURT: Yeah.

01:43 Then, Terri, if you'd be so kind to go with Juror Number 2.

01:43 (To Juror Number 2:) And we'll probably take you to a separate place in the courthouse.

01:43 And thank you so much.

01:43 *(Juror Number 2 exits the courtroom with court administrators.)*

01:43 THE COURT: Counsel, if you would remain. And we can decide about counseling for the remainder of the jury

later on, if needed.

01:43 Now, the suggestion is to bring the eleven jurors in, the two alternates; to simply inform them that Juror Number 2 will not be continuing the deliberation process -- I don't think that there needs to be any further explanation of that -- to randomly draw one of the two jurors so they can see that that's done with transparency, and then to read the admonition that the jurors are to begin their jury deliberations pursuant to 7.12.

01:44 Is that acceptable?

01:44 MR. WILKE: Yes, Your Honor.

01:44 MR. STAPLES: Yes, Your Honor.

01:44 THE COURT: And I'm welcome to any comments along the way, Counsel.

01:44 MR. WILKE: Thank you, Your Honor.

01:44 THE COURT: Kelly -- or, Karlen -- if you'd be so kind: We're going to need the 11 remaining jurors and the two alternates.

01:44 And then we'll need two names or numbers in the hat, Kelly -- Karlen, and you'll actually draw that in the presence of the jurors.

01:44 THE CLERK: Okay.

01:44 THE COURT: Okay.

01:44 *(Brief pause in the proceedings.)*

01:45 THE COURT: Counsel, while we're waiting, we've

01:45 pulled 7.12, which is the standard instruction.

01:45 I don't think that there needs to be any modification, but I do think that this needs to go back in an instruction so it's part of the package. And we can send that back in within 5 or 10 minutes after we draw the alternate.

01:45 Would that be acceptable?

01:45 MR. STAPLES: Yes, Your Honor.

01:45 MR. WILKE: Yes, Your Honor.

01:45 THE COURT: All right.

01:45 *(Brief pause in the proceedings.)*

01:46 *(In the presence of the jury.)*

01:46 THE COURT: Counsel, if you would be seated, along with the defendant and the investigating agent.

01:47 The jury's present, both alternates are present.

01:47 **ALTERNATE JUROR SELECTED AS JUROR**

01:47 THE COURT: (To the jury and alternates:) Juror Number 2 will not be continuing the deliberation process with the sitting jury.

01:47 An alternate -- one of the two of you -- is going to be drawn in just a moment.

01:47 (To the clerk:) And if you'd do so at this time. Karlen, I'd appreciate you reaching into the jar and drawing a name.

01:47 THE CLERK: Number 13, Alternate Number 1, Louis

01:47 Lawent.

THE COURT: Sir, if you'd be kind enough to come up and take Seat Number 2.

01:48 And then, Karlen, we're going to administer an oath as a sitting juror to Juror Number 2. If you'd administer the juror's oath to him, please.

01:48 THE CLERK: Please raise your right hand.

01:48 *(Alternate Juror sworn.)*

01:48 ALTERNATE JUROR: I do.

01:48 THE COURT: Please be seated, sir.

01:48 **JURY INSTRUCTION**

01:48 THE COURT: There's a further instruction with one of the alternates now joining you as a composite body once again of twelve jurors:

01:48 "An alternate juror has been substituted for the excused juror. You should not speculate about the reason for the substitution. You must start your deliberations anew.

01:49 "This means that you should disregard entirely any deliberations taking place before the alternate juror was substituted and consider freshly the evidence as if the previous deliberations had never occurred.

01:49 "Although starting over may seem frustrating, please do not let it discourage you. It is important that each juror have a full and fair opportunity to explore his or her views and respond to the views of other jurors so that you may come to a unanimous verdict.

01:49 "All the previous instructions given to you, including the unanimity requirement for a verdict, remain in effect."

01:49 And what I just read to you will come to you in a few moments with the proper sequencing for your deliberations.

01:49 We're going to keep the alternate juror in the same location -- with reading material, hopefully.

01:50 And we're going to have the jury resume your deliberations. And thank you.

01:50 Counsel, is there anything further you wish the Court to state on behalf of the government or the defense?

01:50 MR. STAPLES: No, Your Honor. Thank you.

01:50 MR. WILKE: No, Your Honor.

01:50 *(Jury retires to deliberate.)*

01:50

01:50 *(Outside the presence of the jury.)*

01:50 THE COURT: Counsel, we'll give you Instruction Number 37.

01:50 Is there anything further? Otherwise, we'll simply remain in recess. But I'm going to take the liberty of excusing them formally every night, with your permission. I'll always want you present.

01:51 And what time -- we had a note -- on what night did they want to leave?

01:51 MR. STAPLES: 4:15 tonight.

01:51 THE COURT: 4:15 tonight.

01:51 THE CLERK: Out the door at 4:15.

01:51 MR. WILKE: It was for a particular juror, though.

01:51 It wasn't Juror Number 2, was it?

01:51 THE CLERK: No.

01:51 THE COURT: No.

01:51 MR. WILKE: Okay.

01:51 THE COURT: All right. Then at 4:15. Counsel, if you'd reassemble at 4:00 o'clock let's say, just so that we're ready. Okay? 'Cause one of the jurors, apparently...

01:51 MR. WILKE: Very good. Thank you, Your Honor.

01:51 THE COURT: Okay. Thank you very much, Counsel. Appreciate it.

01:51 *(Proceedings recessed at 1:51 p.m.)*

01:51 -oOo-

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held telephone in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: January 14, 2022

/s/ Debbie Gale
DEBBIE GALE, U.S. COURT REPORTER
CSR NO. 9472, RPR, CCRR